# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3659

_____

United States of America

*Plaintiff - Appellee*

v.

Walter Ewing

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 8, 2013
Filed: May 29, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After a bench trial in the District Court,[1] Walter Ewing was convicted of conspiring to provide a prohibited object (tobacco) to an inmate in a prison and

_____

[1]The Honorable D. P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

attempting to obtain a prohibited object (tobacco) while an inmate. The government's theory of the case was that Ewing's coconspirator went to the Federal Correctional Complex (FCC) in Forrest City, Arkansas, late at night and tossed four "sticks" of tobacco (bags of loose tobacco wrapped in tape and painted brown) over the perimeter fences and into the recreation yard of the prison, with the expectation that Ewing would retrieve them at some later time. Ewing's sole issue on appeal is a challenge to a ruling made by the District Court regarding a government witness's notes. We affirm.

Lize Wilcox, a forensic chemist with the Arkansas state crime lab, testified that she performed chemical tests on four samples of a brown leafy substance delivered to the lab by an investigative specialist with the Federal Bureau of Prisons, FCC Forrest City. All four samples tested positive for nicotine. Before cross-examining her, Ewing's counsel asked to see the papers that Wilcox had brought with her to the stand, citing Rule 26.2 of the Federal Rules of Criminal Procedure (Producing a Witness's Statement). The District Court denied the request. On appeal, Ewing contends this was error. He argues that because Wilcox presented the only evidence that the substance in question was tobacco, the court's alleged error prejudiced Ewing "by denying his right to meaningfully confront this crucial witness against him." Br. of Appellant at 8.

In his brief on appeal, Ewing concedes that Rule 26.2 was not the correct authority under which to request access to Wilcox's notes. Now he says that he was entitled to see the notes under Rule 612 of the Federal Rules of Evidence.[2] He further claims that counsel "sufficiently invoked Rule 612" at trial, id. at 9, by saying, "I don't have my rule book in front of me, but I think it's something like if you're

---

[2]Generally, Rule 612 provides that "when a witness uses a writing to refresh memory . . . an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony."

testifying and you're basing your testimony on other documents or notes that you used to refresh your memory, things like that," Trial Tr. at 29. Citing Rule 103(a) of the Federal Rules of Evidence, Ewing suggests that based on this comment, the court should have known counsel intended to cite Rule 612. The confusion was compounded, however, when cocounsel for Ewing then addressed the court, specifically identifying Rule 26.2(f) and (g) as support for the request, even reading portions of the rule to the court:

> Your Honor, if I may, I believe it's 26.2(g), says the scope -- says the rule applies at trial, so I believe that those statements -- any written statements that a witness makes or signs or otherwise adopts or approves or a statement that is substantially verbatim, contemporaneously recorded recitals of witnesses' oral statements that is contained in any recording or any transcription of recording. . . . Your Honor, that is the definition of statement under Rule 26.2. It's (f). And then the scope of the rule is 26.2(g), which states that the rule applies at trial.

Id. After that, the court declared, correctly, that lab notes are not "statements" and denied counsel's request.

The government argues that because Ewing's counsel did not invoke the correct rule and, in fact, invoked an inapplicable rule, the objection was not properly preserved. According to the government, we should review the court's ruling only for plain error, as Ewing's objection did not specify the correct basis for a ruling in his favor. The government may well have a point. See United States v. Lee, 687 F.3d 935, 945 (8th Cir. 2012) (noting that we have held on more than one occasion that objections to evidentiary rulings must be specific), cert. denied, 133 S. Ct. 1743 (2013); United States v. Worman, 622 F.3d 969, 976 (8th Cir. 2010) ("Because the argument on appeal differs from the contemporaneous objection, this court reviews for plain error."), cert. denied 132 S. Ct. 369 (2011). But as we explain below, we

need not reach the question whether the court was on notice of the correct rule when it denied access to Wilcox's notes.

Assuming without deciding that Ewing adequately preserved his objection to the District Court's ruling, we review for an abuse of discretion and will not reverse if any error was harmless. See United States v. White Bull, 646 F.3d 1082, 1091 (8th Cir. 2011).[3] Ewing asks us to presume that the papers were lab notes and that Wilcox relied on them while testifying, as evidenced by her detailed testimony regarding the weight of the contents of each of the four packages. He further asserts, without citation, that the purpose of Rule 612 "is to allow the opposing party to examine *what else* the writing contains—particularly because related matters within the writing might shed light on the witness's credibility." Reply Br. of Appellant at 5. But we have said that "Rule 612 is not a vehicle for a plenary search for contradictory or rebutting evidence." United States v. Sheffield, 55 F.3d 341, 343 (8th Cir. 1995). And in this case, probably because Ewing's request to look at the notes was made under a rule of criminal procedure that applies to witness statements and not the appropriate rule of evidence, no record was made of the contents of the notes in question or whether Wilcox did actually use them to refresh her memory while testifying. In these circumstances, it is difficult to say whether the court abused its discretion in denying counsel's request to look at the notes. But even if the court did err in denying the request, so long as Ewing's "substantial rights" were unaffected and the error had, at most, a minimal effect on the outcome of the proceedings, then such error is harmless. Worman, 622 F.3d at 976.

---

[3]Both parties address the court's decision as an evidentiary ruling, which is ordinarily subject to appellate review for an abuse of discretion and harmless error. An alleged erroneous ruling under Rule 26.2 would be reviewed in the same manner. See United States v. Shyres, 898 F.2d 647, 656–57 (8th Cir.) (treating a ruling made by the district court under the Jencks Act, the substance of which is incorporated into Rule 26.2, as an evidentiary ruling and reviewing for an abuse of discretion), cert. denied 498 U.S. 821 (1990); Fed. R. Crim. P. 52(a) (harmless error).

We have reviewed the entire transcript of Ewing's trial, and we conclude that any error was indeed harmless. Ewing's defense strategy was to convince the court that the prosecution misidentified him as the conspirator inside the prison—not that the prosecution misidentified the brown leafy substance as tobacco. As counsel argued to the court, "That is our reasonable doubt, your Honor. The government has failed to prove beyond a reasonable doubt that it was Walter [Ewing]." Trial Tr. at 271. Notwithstanding that Wilcox was the only witness the government called to identify the brown leafy substance as tobacco, Ewing's counsel, in cross-examining Wilcox, asked only about the crime lab's failure to test the evidence for latent fingerprints as the FCC investigator had requested. She did not attempt to challenge Wilcox's conclusions that the brown leafy substance contained nicotine or her opinion that it was tobacco. In his cross-examination of Wilcox, counsel for Ewing's codefendant did confirm with Wilcox that the chemical test she performed was for nicotine, not for tobacco, and that she did not have personal knowledge of "all substances in the world that contain nicotine." Id. at 32. He left it at that, and on redirect Wilcox affirmed that based on the nicotine test and her experience in testing brown leafy substances for controlled and uncontrolled substances, she believed that the substance in question was tobacco. Recalling that this was a bench trial, we cannot say that the court's decision regarding the expert's notes had even a minimal effect on its factual finding that the brown leafy substance was tobacco or its ultimate finding of guilt. Any error was therefore harmless, and reversal of Ewing's conviction on that ground is unwarranted.

We affirm the judgment of the District Court.

_____